[S. F. No. 120.   Department Two.—June 23, 1896.]

## LOUI SOY WING, RESPONDENT, *v.* CHUNG YICK ET AL., APPELLANTS.

MALICIOUS PROSECUTION—CONFLICT OF EVIDENCE—APPEAL.—A verdict for the plaintiff in an action of malicious prosecution will not be disturbed on appeal, on the ground that the evidence fails to show a want of probable cause and malice, if the evidence thereon is conflicting.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   EUGENE R. GARBER, Judge.

The facts are stated in the opinion of the court.

*Lyman I. Mowry,* and *Thomas D. Riordan,* for Appellants.

*Smith & Murasky,* and *F. E. Stranahan,* for Respondent.

McFARLAND, J.—This is an action brought by plaintiff to recover damages for an alleged malicious prosecution of plaintiff by defendants, upon a criminal charge made by defendants against plaintiff, in the police court of the city and county of San Francisco. The jury returned a verdict for plaintiff in the sum of five hundred dollars, for which amount judgment was rendered. Defendants appeal from the judgment and from an order denying their motion for a new trial.

The record presents no error of law committed by the court below.   There are no exceptions to the rulings of the court respecting the admissibility of evidence, or the instructions given to the jury.   There is no doubt that the law is as claimed by counsel for appellant, that in a suit for malicious prosecution the plaintiff must show both a want of probable cause, and malice; but the instructions of the court were in accordance with this principle.   Neither is there any question of law presented as to the proposition that the advice of respectable counsel given upon a full and fair statement of the facts upon which the prosecution was instituted, and a *bona fide* acting upon such advice, constitutes a defense to the action for malicious prosecution.   The appeal in this case, therefore, rests entirely upon the proposition that the evidence fails to show a want of probable cause and malice.   We have examined the testimony in the case very fully, and, while it does not make an exceedingly strong case in favor of the plaintiff as to want of probable cause and malice, still there is not such a defect in the evidence as to those two points as would warrant us in setting aside the verdict.   Nor is the evidence such as would fairly preclude the jury from finding that there was not a full and fair statement of the facts made to counsel of defendants at the time the prosecution was instituted, or from finding that the defendants did not act in good faith upon his advice.   We are not called upon to determine whether or not the verdict of the jury was in accordance with the correct balance of closely conflicting evidence, but whether the character of the evidence was such as to leave the question within the province of the jury.

The judgment and order denying a new trial are affirmed.

TEMPLE, J., and HENSHAW, J., concurred.